## HORNING LUMBER CO v CONNOR et

Ohio Appeals, 9th Dist, Summit Co

No. 1979. Decided June 29, 1931

Doolittle, Foust & Holden, Akron, for Horning Lumber Co.

E. E. Zesiger, Akron, for defendant Connor.

D. C. Funk, Wooster, for defendant Wayne Building & Loan Co.

A. S. Greenbaum, Donald Gottwald, L. J. Breiding, Stahl, & Andree, L. J. Myers, Berk, Berk and Harvey, Commins, Brouse, Englebeck & McDowell, and Schwab & Heiser of Akron, for defendants Lien Claimants.

D. L. Vanbuskirk, Harris Anson, E. J. Kempel, Donald Reichert and R. S. Dechant, of Lebanon, for defendants Lien Claimants.

**FUNK, J.**

Counsel for the lien claimants argue that the agreement has three phases. One, it is a lease. Two, it is an option to buy. Three it is a contract to build for the owner's account.

It is claimed that the third phase constituted an agreement whereby Mays became a head contractor to construct said building for Connor as owner, and that the other lien claimants were subcontractors under him, and that this theory is supported by the acts and conduct of Connor and by the oral and written agreement.

It appears from the pleadings and evidence that Mays filed an alleged lien on the premises of Connor on which the building was constructed as head contractor for the whole amount, and that the other lien claimants filed affidavits for liens thereon as subcontractors.

It is admitted that the right to a mechanic's lien on the fee of the land which belongs to Connor depends upon the theory that, under said agreement and the conduct of Connor, Mays was a principal contractor and that all the others were subcontractors under him. Counsel also concede that Connor never agreed to extend his personal credit for the work and material and only agreed to sign the mortgage if a loan could be secured to pay for such labor and material. However, it seems to be the contention of the lien claimants that, because Connor agreed to subject his freehold to a mortgage to pay for the construction of said building and knew it was being constructed, in equity the agreement should be found to have a dual character, in this, that it was the intention of the parties to create both a lease and the relation of owner and contractor.

It is further contended that if the relation between Connor and Mays was solely that of lessor and lessee, the provision that Mays was to save Connor harmless from mechanics' liens would be meaningless, as

that is exactly the provision in all building contracts and is thus an indication that the relation between Mays and Connor was that of principal contractor and owner.

We cannot agree with these contentions, as they not only leave out of consideration all the other provisions of the lease but also disregard the express provisions and limitations of §8310 GC et seq.

If our statutes created a lien for labor and material permitted by the owner to be furnished or furnished with his knowledge and consent, as the statutes do, in some states, the situation would be different, and under the evidence the reversion or fee might be subject to such lien.

However, under our statutes (§8310 GC et seq.), there must exist the relation of debtor and creditor; that is, a debt must be created with the owner, part owner or lessee of the lot or land upon which the building may stand or to which it may be removed, before there can be a lien; and that debt can be created only by contract with the owner or his duly authorized agent. The term "agent" as used in the mechanic's lien law refers to one who is the representative of the owner, part owner or lessee of the building under construction or repair and is his agent with reference to the erection or repair of the structure upon which a mechanic's lien is attempted to be asserted.

Applying the facts in the instant case to our statutes, can it be said that the relation of debtor and creditor existed between either Connor and Mays or Connor and any one of those who furnished labor or material in the construction of the gasoline station and barbecue on the lands of Connor?

We think not.

Whether the loan was to be attempted to be obtained by Connor or Mays and was to be obtained for only enough to construct said building or sufficient to also pay off the first mortgage, and whether or not Connor knew that Mays was proceeding with the construction of the building, is all immaterial. Under the terms of the agreement—whether the oral agreement as claimed by Mays or the written agreement—it surely cannot be said that the agreement created Mays either the agent of Connor or Connor the debtor of Mays for the labor and material necessary to construct said building.

It being conceded, on behalf of the lien claimants, that Connor never agreed to extend his personal credit for such labor and material, we fail to see how the relation of debtor and creditor existed between Connor and either Mays or any of the other lien claimants. The most that can be said for the agreement is that, if a loan could be obtained, Connor would sign a mortgage on the premises after the improvements were made and lend the fee of the real estate as security for the paymnt of such labor and material—for which security Mays agreed to pay $25 per month extra rent if he continued to pay rent under the lease and would, of course, assume the mortgage if he exercised his option to purchase. There is evidence that an effort was made to obtain a loan. There is no evidence that a loan could have been obtained.

We are therefore unanimously of the opinion that the lien claimants have not sustained the burden of proof cast upon them to establish their claims.

It must be kept in mind that the right to a mechanic's lien is purely statutory, and if the facts do not bring claimants within such statutory provisions, there can be no lien on the premises of Connor.

It must also be remembered that courts cannot extend the statutes to meet cases for which the statutes themselves do not provide; such power lies only within the province of the legislature.

In our opinion, the facts in the case of **Park Co. v Development Co., 109 Oh St 358,** are so nearly like those in the instant case that that case is controlling, and that an application of the facts in the instant case to our statutes on the subject of mechanics' liens requires and compels the conclusion that the labor and material men are not entitled to a lien upon the freehold estate of Connor.

What moral obligation, if any, there might be on Connor to make some adjustment with such labor and material men is not within our province to consider. §8317 GC provides how a mechanic's lien may be obtained upon a leasehold interest in real estate. No claim has been made for such lien in the instant case.

A decree may be drawn in favor of the defendant Connor similar to that in the court below.

In case No. 2004, The Mogadore Lumber & Supply Co., et al, v Robert S. Connor, et al, being the error case, the petition in error is dismissed.

PARDEE, PJ, and WASHBURN, J, concur.